IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLOUD 9 ENTERPRISES, LLC, | § § | |
| *Plaintiff*, | § § | |
| vs. | § | Case No. 4:24-cv-00761-P |
| | § | |
| FAY SERVICING, LLC, Et Al. | § § | |
| *Defendant*. | § | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Cloud 9 Key Enterprises, LLC and files this its Original Complaint, Request for Temporary Injunction and Request for Temporary Restraining Order and would respectfully show as follows:

**I.**

**DISCOVERY LEVEL AND DAMAGES**

1. Due to the nature of this action and the amount in controversy, The Plaintiff states that this case will be conducted under Discovery Level 3 as defined in the Texas Rules of Civil Procedure. Plaintiffs seek damages under $250,000.00.

**II.**

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Cloud 9 Key Enterprises, LLC is a Texas Limited Liability Company who does business in Tarrant County, Texas.

3. Defendant Civic Real Estate Holdings III, LLC is a foreign limited liability company which does business in Tarrant County, Texas and may be served with citation by serving the registered

agent of its agent Fay Servicing, Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

4. Defendant Fay Servicing is a Delaware company which does business in Tarrant County, Texas and may be served with citation by serving its registered agent, Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

5. Jurisdiction and venue is proper in Tarrant County, Texas because all, or a substantial portion, of the acts or omissions complained of herein occurred in Tarrant County, TEXAS. TEX. CIV. PRAC. & REM. CODE § 15.002(A) and because the suit concerns title to real property located in Tarrant County, Texas. Venue is further mandatory in Tarrant County as this suit relates to title to real property located in Tarrant County, Texas. All conditions precedent to the Court's acquisition and maintenance of jurisdiction over this matter have been met.

### III. FACTS

6. Plaintiff purchased property located at 813 Crystal Lane, Crowley, TX ("the Property") on or about November 23, 2021. The original mortgagee was Civic Financial Services, LLC who, by assignment or succession now operates as Defendant Civic Real Estate holdings III, LLC. The mortgage is serviced by Defendant Fay Servicing, LLC ("Fay").

7. Plaintiff, initially through a banking error, missed mortgage payments in April and May, 2024.[1] Despite the fact that Plaintiff was only sixty days behind on the mortgage, Defendant Fay initiated foreclosure proceedings by charging for foreclosure services within 59 days of the missed payment (see foreclosure fees charged on Exhibit 1-B). Plaintiff subsequently contacted Fay to work out the dispute and, if necessary, apply for a loss mitigation plan. Fay was unresponsive.

---

[1] See Declaration of Nikki Cloud, Exhibit 1, Page 1, which is attached hereto and incorporated by reference as if fully set forth herein.

Plaintiff's June mortgage payment was timely made. Rather respond to Plaintiff's attempts to resolve the mortgage issue, Fay sent a notice of acceleration and posting for foreclosure within 90 days of the due date of Plaintiff's first missed payment.[2] Fay has refused to reply to Plaintiff's multiple attempts to obtain a loss mitigation plan, has improperly charged foreclosure fees within 59 days of the first missed payment, has failed to provide an adequate accounting of fees and interest for the loan and has prematurely and improperly initiated a foreclosure less than 120 days after the loan became delinquent in violation of federal law.[3] The Property was set for non-judicial foreclosure sale on August 6, 2024. The sale was halted by Plaintiff's temporary restraining order in the original state court suit in this matter prior to removal by Defendant Fay. However, following removal, Fay's counsel Gray, who removed the case, has sought to substitute as the attorney in this removed matter while, at the same time, noticing another non-judicial foreclosure. Gray's removal actions have wiped out the scheduled temporary injunction hearing in state court. Plaintiff reserves the right to seek additional relief in this court related to the newly noticed sale but is not seeking same at this time.

### III. CAUSE OF ACTION – WRONGFUL FORECLOSURE AND SUIT TO SET ASIDE FORECLOSURE SALE

8. In this case, Defendants have improperly charged fees and interest and are attempting to prematurely foreclose on the Property in violation of federal law. Plaintiff's first missed payment on the loan in question occurred at most ninety days prior to Fay's acceleration and posting for foreclosure. Federal mortgage servicing law requires that 120 days pass before the lender can initiate foreclosure proceedings under the *Dodd-Frank Act.* See *12 C.F.R. Section 102.41.* Further, Defendant Fay has failed to provide a loss mitigation application to Plaintiff despite

---

[2] See Exhibit 1-A
[3] Exhibit 1, Page 1.

requests for same. Plaintiff has attempted to resolve this improper and premature foreclosure sale with Defendant Fay but no decision has been reached by Fay and the sale date is imminent.

### IV. CAUSE OF ACTION – SUIT FOR ACCOUNTING

9. Plaintiff hereby incorporates the factual complaints set forth above complains further, and in the alternative, that the essential elements of a cause of action for an accounting are (1) a relationship between the plaintiff and the defendant or other circumstances that demonstrate that the plaintiff's legal remedies are inadequate; and (2) a showing that the amount due the plaintiff is unknown and cannot be ascertained without an accounting, since the information necessary to determine that amount is within the exclusive knowledge of the defendant. In the instant suit, both factors are certain. Plaintiff and Defendants were engaged in a lending transaction. Defendants are required to provide Plaintiff with a full accounting of all actions, deductions, payments, penalties and fees related to the lending transaction.

### V. PRAYER

The Plaintiff prays that the Defendants be cited to appear herein, that after trial, the Defendant be held liable for the causes of action pled and a judgment be entered against them jointly and severally, awarding the Plaintiff all of the following:

(1) Economic damages to the Plaintiff as alleged herein

(2) A declaration of the true amount owing on the Note, if any;

(3) Pre and Post Judgment interest as allowed by law;

(4) Attorney's fees; and

(5) Such further and other relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

/s/ C. Davis Chapman
C. Davis chapman
State Bar No. 00798101
P.O. Box 387
Fort Worth, Texas 76101
(817) 781-0211
(682) 334-7306  - Facsimile

ATTORNEY FOR PLAINTIFF

Email: c.davis.chapman@gmail.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all counsel on this September 4, 2024:

*/s/ C. Davis Chapman*